UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL D. HAWK,

        Plaintiff,

        v.                                   Case No. 21-C-1301

REBECCA BURR and
DIANE BAKER,

        Defendants.

## DECISION AND ORDER OF DISMISSAL

Plaintiff Daniel Hawk has filed a complaint against Defendants Rebecca Burr and Diane Baker in response to a Notice of Trespass issued against him by Baker. Baker is the Superintendent of the United States Department of the Interior Bureau of Indian Affairs (BIA), and both Hawk and Burr are apparently members of the Stockbridge-Munsee Tribe of Indians. On March 2, 2022, Defendant Baker filed a motion to dismiss the complaint, asserting that Hawk's claims are not ripe for adjudication and that the complaint fails to state a claim upon which relief can be granted. Hawk filed a motion to stay the case on March 17, 2022. For the following reasons, Hawk's motion for a stay will be denied and Baker's motion to dismiss will be granted.

## BACKGROUND

Hawk lives next door to Burr on a parcel of trust land on the Stockbridge-Munsee Indian Reservation held by Hawk's great aunt, Mae Sarah Jordan. Compl. at 2–3. On August 4, 2021, Burr sought an injunction against Hawk in the Stockbridge-Munsee Tribal Court, alleging that Hawk trespassed on her property and made deliberate attempts to cause her death. Dkt. No. 16-1 at 11–13. She claimed that Hawk has walked behind her house to get water from the river, walked

onto her deck, and filled the valve of her propane tank with sand in an effort to cause her death. *Id.* at 12. The Tribal Court dismissed the action on August 19, 2021, finding that Burr provided no substantial evidence to support her claims. *Id.* at 3. On August 23, 2021, Burr sought a similar injunction against Hawk in Shawano County Circuit Court. Dkt. No. 16-2 at 2–3. The court dismissed the petition on res judicata grounds on August 25, 2021. *Id.* at 32.

On October 29, 2021, at the request of the Stockbridge-Munsee Tribe, the BIA issued a "Notice of Trespass—Order to Cease and Desist" to Hawk. Dkt. No. 1-1 at 1–2. The Notice states, in relevant part, that

> This office has received notice that you are occupying property on a parcel of land in trust status with the United States that is located at W11575 Town Hall Road, Gresham, Wisconsin. According to our records, you are not a co-owner, nor is there a lease to you approved by our office, to the above referenced Trust land, and without ownership on title, or a lease as discussed above, you do not have the authority to place or maintain any personal property on the trust allotment.

*Id.* at 1. The Notice advised Hawk that the unauthorized possession or use of trust land is a trespass and that the BIA "may take action to recover possession, including eviction, on behalf of Indian landowners . . . ." *Id.* The Notice indicated that Hawk had 30 days to vacate the premises and remove his personal property and that the BIA would follow up with Hawk to ensure he complied with the Notice. *Id.* Although the 30-day period for Hawk to vacate the premises has elapsed, the BIA has not instituted the legal proceedings necessary to evict Hawk or remove his personal property. Baker Decl. ¶¶ 9–10.

Hawk alleges that, after Burr's lawsuits in Tribal Court and State Court were unsuccessful, Burr complained to Baker about Hawk, which resulted in Baker issuing the Notice of Trespass. Compl. at 2–3. He alleges that the BIA's Notice of Trespass is an improper attempt to circumvent the Tribal Court's decision on Burr's injunction action and that the Tribal Court's decision bars the BIA from attempting to evict him from the trust property. *Id.* He requests that the Court

2

enforce the Stockbridge-Munsee Tribal Court decision and order Defendants to stop attempting to evict him. *Id.* at 4.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of this Court of the subject matter related in the complaint. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Schaefer v. Transp. Media, Inc.*, 859 F.2d 1251, 1253 (7th Cir. 1988). If material factual allegations are contested, the proponent of federal jurisdiction must "prove those jurisdictional facts by a preponderance of the evidence." *Meridian Sec. Ins. Co. v. Sedowski*, 441 F.3d 536, 543 (7th Cir. 2006). When the moving party "launches a factual attack against jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (internal quotation marks and citations omitted).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 8 mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint must contain factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he must plead "more than labels and conclusions." *Id.* A simple, "formulaic recitation of the elements of a cause of action will not do." *Id.* In evaluating a motion to dismiss, the Court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a

3

light most favorable to the plaintiff. *Yasak v. Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004).

## ANALYSIS

Baker asserts that the claims against her must be dismissed because the Court lacks subject matter jurisdiction over them. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted); *see also United States v. Shaw*, 309 U.S. 495, 500–01 (1940) ("[W]ithout specific statutory consent, no suit may be brought against the United States."). Baker maintains that, while a potential source of waiver might be the Administrative Procedures Act, the Act requires the existence of a "final agency action" before a plaintiff may seek judicial review. *See* 5 U.S.C. § 704. Baker argues that Hawk's claims against the BIA are not ripe for adjudication because the BIA's actions to date are "preliminary in nature" and cannot be considered final agency action. Def.'s Br. at 6, Dkt. No. 16.

"The ripeness doctrine arises out of the Constitution's case-or-controversy requirement, as claims premised on uncertain or contingent events present justiciability problems." *Church of Our Lord & Savior Jesus Christ v. City of Markham, Ill.*, 913 F.3d 670, 676 (7th Cir. 2019) (citations omitted). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or that may not occur at all." *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1079 (7th Cir. 2016). One purpose of the ripeness doctrine is to "protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003) (internal quotation marks and citation omitted).

4

The BIA has not taken a "final agency action" in this case. The BIA merely sent Hawk a Notice of Trespass to inform Hawk that he is trespassing on trust land, that the BIA may institute legal proceedings to recover possession of the land on behalf of the landowners, and that he should contact the BIA to explain why the trespass finding is in error. Under the BIA's regulations, the Notice of Trespass Baker issued to Hawk is a preliminary step to any potential eviction action. *See* 25 C.F.R. § 162.023 ("If an individual or entity takes possession of, or uses, Indian land without a lease and a lease is required, the unauthorized possession or use is a trespass. We may take action to recover possession, including eviction, on behalf of the Indian landowners and pursue any additional remedies available under applicable law."). The BIA does not have the authority to remove Hawk from the property until it institutes an administrative or judicial proceeding against him, and it has not initiated such proceedings. Hawk's attempt to challenge his potential eviction depends on the outcome of a future administrative or judicial proceeding that may not occur. In short, his claims are speculative, are contingent on the occurrence of future events, and are not ripe for judicial review.

Hawk has filed a motion to stay this action to allow him to apply for a lease from his great aunt and submit it to the BIA for approval. Because Hawk's claims are not ripe for adjudication, the Court lacks subject matter jurisdiction over his claims against Baker. Therefore, while Hawk remains free to attempt to pursue the lease or another avenue to remain on the property, the Court will not stay this action to allow him to do so. For these reasons, Hawk's motion for a stay is denied and Baker's motion to dismiss is granted.

The Court also concludes that it does not have subject matter jurisdiction over Hawk's claims against Rebecca Burr. Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d

5

Case 1:21-cv-01301-WCG    Filed 03/25/22    Page 5 of 7    Document 19

175, 179 (7th Cir. 1994). A federal court may exercise jurisdiction over a case if the plaintiff brings a claim arising under federal law, 28 U.S.C. § 1331, or the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Since Hawk and Burr are both Wisconsin citizens, the Court cannot exercise jurisdiction under § 1332. Therefore, Hawk may only proceed in this Court if he brings a claim arising under federal law.

Hawk has failed to sufficiently plead a federal question against Burr. For a court to exercise federal question jurisdiction, a well-pleaded complaint must establish "that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). A federal court must entertain a complaint seeking recovery under the Constitution or laws of the United States "unless the alleged federal claim either clearly appears to be immaterial and solely made for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989) (internal quotation marks and citation omitted). If a district court determines a complaint is undermined by either deficiency, "the complaint must be dismissed for want of federal subject matter jurisdiction." *Id.*

Although Hawk checked the box on his complaint indicating that he is "suing for a violation of federal law under 28 U.S.C. § 1331," he does not assert a federal claim against Burr. Hawk alleges that Burr violated his rights by filing numerous lawsuits against him in Stockbridge-Munsee Tribal Court and Shawano County Court and complaining to the BIA that Hawk is trespassing on his great aunt's property. Hawk's allegations do not state a claim for relief under

federal law. Therefore, the complaint does not invoke this Court's jurisdiction under § 1331 and must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For these reasons, Defendant Baker's motion to dismiss (Dkt. No. 15) is **GRANTED**. Hawk's motion to stay the case to allow the parties to seek a BIA lease agreement (Dkt. No. 17) is **DENIED**. The Court lacks subject matter jurisdiction over Hawk's claims against Defendant Burr. Therefore, this action is dismissed. The Clerk is directed to enter judgment forthwith.

**SO ORDERED** at Green Bay, Wisconsin this 25th day of March, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge